UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Jose M. Infante
and other similarly situated individuals,

    Plaintiff(s),

v.

Lady Green Miami Recycling Co
and Michele A. Salas, individually,

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Jose M. Infante, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants Lady Green Miami Recycling Co., and Michele A. Salas, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Jose M. Infante is a resident of Dade County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Lady Green Miami Recycling Co. (from now on, Lady Green, or Defendant) is a Florida corporation having a place of business in Dade County, Florida, where Plaintiff worked for Defendant.

4. The individual, Defendant Michele A. Salas, was and is now the owner/partner/officer and Manager of Defendant Corporation Lady Green. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Dade County, Florida, within this Court's jurisdiction.

General Allegations

6. This cause of action is brought by Plaintiff Jose M. Infante as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after December 2019 (the "material time"), without being adequately compensated.

7. Defendant Lady Green is a waste pickup and recycling company. Defendant's office is located at 12238 SW 17 Lane # 101 Miami, FL 33175.

8. Defendants Lady Green and Michele A. Salas employed Plaintiff Jose M. Infante as a non-exempted, full-time employee from approximately December 9, 2019, to May 26, 2021, or 76 weeks.

9. Plaintiff had duties as recycling and cleaning employee. Plaintiff drove a pickup truck and picked up garbage from bus stops.

10. Plaintiff had a wage rate of $11.00 an hour. Plaintiff's overtime rate should be $16.50 an hour.

11. Plaintiff worked under the supervision of the business owner, Michele A. Salas.

12. While employed by Defendants, Plaintiff had a regular schedule, and he worked five days per week. From Monday to Friday, Plaintiff worked from 4:45 AM to 1:45 PM (9 hours each day). Thus, Plaintiff worked 5 days per week, a minimum of 45 hours weekly. Plaintiff was unable to take bonafide lunch breaks, and he ate while working.

13. Plaintiff worked regularly and consistently a minimum average of 45 hours weekly. However, he was paid for just 40 hours.

14. Plaintiff worked more than 40 hours per week, but he was not paid for overtime hours.

15. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals and were in complete control of Plaintiff's schedule.

16. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

17. Plaintiff was paid weekly with checks, without paystubs providing basic information such as the number of days and the actual number of hours worked, wage rate paid, employee taxes withheld, etc.

18. Plaintiff was paid for only 40 hours. The remaining hours were not paid to Plaintiff at any rate, not even at the minimum wage rate.

19. On or about May 26, 2021, Plaintiff suffered a work-related accident. After the accident, Defendants never gave Plaintiff his job back.

20. Plaintiff Jose M. Infante seeks to recover unpaid overtime wages for every hour worked over 40 during his entire employment, liquidated damages, and any other relief as allowable by law.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

21. Plaintiff Jose M. Infante re-adopts every factual allegation stated in paragraphs 1-20 above as if set out in full herein.

22. Defendant Lady Green was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a recycling company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

23. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a welder, recycling, and cleaning employee. Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

24. Defendants Lady Green and Michele A. Salas employed Plaintiff Jose M. Infante as a non-exempted, full-time employee from approximately December 9, 2019, to May 26, 2021, or 76 weeks.

25. Plaintiff had duties as a recycling and cleaning employee. Plaintiff drove a pickup truck and picked up garbage from bus stops. Plaintiff had a wage rate of $11.00 an hour. Plaintiff's overtime rate should be $16.50 an hour.

26. While employed by Defendants, Plaintiff had a regular schedule, and he worked 5 days per week, a minimum of 45 hours weekly. Plaintiff was unable to take bonafide lunch breaks, and he ate while working.

27. Plaintiff worked regularly and consistently a minimum average of 45 hours weekly. However, he was paid for just 40 hours. The remaining hours were not paid to Plaintiff at any rate, not even at the minimum wage rate.

28. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals and were in complete control of Plaintiff's schedule.

29. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

30. Plaintiff was paid weekly with checks, without paystubs providing basic information such as the number of days and the actual number of hours worked, wage rate paid, employee taxes withheld, etc.

31. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

32. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

33. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

34. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim accordingly.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Six Thousand Two Hundred Seventy Dollars and 00/100 ($6,270.00)

    b. <u>Calculation of such wages</u>:

    Total period of employment: 76 weeks
    Relevant weeks of employment: 76 weeks
    Total hours worked: 45 hours weekly
    Total unpaid O/T hours: 5 overtime hours weekly
    Regular rate: $11.00 x 1.5=$16.50 O/T rate

    $16.50 x 5 O/T hours=$82.50 weekly x 76 weeks=$6,270.00

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

    This amount represents unpaid overtime wages.

35. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

36. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain

owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

37. At times mentioned, individual Defendant Michele A. Salas was, and is now, the owner/partner/manager of Lady Green. Defendant Michele A. Salas was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Lady Green's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Michele A. Salas had financial and operational control of the business and determined Plaintiff's terms and conditions of employment. Accordingly, she is jointly and severally liable for Plaintiff's damages.

38. Defendants Lady Green and Michele A. Salas willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

39. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Jose M. Infante and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Jose M. Infante and other similarly situated individuals and against the Defendants Lady Green and Michele A. Salas based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Jose M. Infante actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interests; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Jose M. Infante demands a trial by a jury of all issues triable as of right by a jury.

Dated:  May 22, 2022

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*