UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-21576-CIV-MORENO

Jose M. Infante
and other similarly situated individuals,

    Plaintiff(s),

v.

Lady Green Miami Recycling Co
and Michele A. Salas, individually,

    Defendants,

_____/

**PLAINTIFF'S MOTION TO REOPEN**

The Plaintiff, Jose M. Infante, by and through the undersigned counsel and pursuant to Rule 6(b), Federal Rules of Civil Procedure, hereby requests entry of an order granting Plaintiff's Motion to Reopen the case in this matter and, in support thereof, states as follows:

1. On May 22, 2022, Plaintiff filed through its undersigned counsel filed his Fair Labor Standards Act cause of action against his former employers Lady Green Miami Recycling Co., and Michele A. Salas.

2. Pursuant to the Court's Order [DE 6], the Plaintiff was to file a statement of claim by June 7, 2022

3. Due to a clerical error, counsel's assistant calendared incorrectly the deadline for Plaintiff to file the statement of claim. Instead of placing the deadline on June 7, 2022, the deadline to file Plaintiff's statement of claim was incorrectly placed for June 14, 2022.

4. The undersigned became aware of this calendaring mistake for the first time upon being electronically notified by the CM/ECF system of the Court's *Final Order of Dismissal* dated June 13, 2021 [D.E. #7] for the undersigned's failure to file the appropriate motion in timely fashion.

5. Immediately and diligently, upon learning of the calendaring mistake, Plaintiffs filed its Statement of Claim on June 13, 2022 [D.E.#8].

6. Plaintiff now respectfully requests, and prays in good faith, that this honorable Court re-open the above styled action and allow it to proceed accordingly.

7. Defendant will not be prejudiced by the requested relief and this Motion to Reopen is made in good faith.

8. Moreover, this motion is not made to cause undue delay, nor for an improper purpose.

9. For the reasons set forth above, as well as the undersigned's commitment to proceed in good faith, Plaintiff respectfully requests this Honorable court find sufficient cause to reopen the case.

10. A proposed order is attached hereto.

11. Undersigned counsel now respectfully submits this memorandum demonstrating good cause for not filing the statement of claim.

## MEMORANDUM OF LAW

Pursuant to Rule 6(b), Federal Rules of Civil Procedure, a party "may convince a federal district court to overlook [an] untimely act by demonstrating 'excusable neglect.'" *In re Gen. Am. Life Ins. Co. Sales*, 268 F.3d 627, 633 (8th Cir. 2001). In determining whether a party's neglect is excusable under Federal Rule

6(b), courts consider the following factors: "(1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Glover v. City of Pensacola*, 372 Fed. Appx. 952, 955 n.6 (11th Cir. 2010) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). This determination is primarily "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395 (according primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration).

Excusable neglect is a flexible and somewhat forgiving notion. *See, e.g., Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201-02 (11th Cir. 1999) (finding excusable neglect for a one-month delay in responding to a motion to dismiss resulting from a clerical error and in absence of bad faith); *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (finding excusable neglect for a six-day delay in filing a notice for trial de novo following a court-ordered arbitration resulting from attorney miscommunication and in absence of bad faith or dilatory intent).

Due to a clerical error, the deadline for the Plaintiff to file the statement of claim was not calendared properly by the undersigned's office. As a result, Plaintiff's statement of claim was not filed on June 7, 2022.

In this case, "excusable neglect" exists because the reason for Plaintiff's counsel's failure to file the statement of claim was the failure of counsel's assistant

to properly calendar the deadline for the Plaintiff to file the statement of claim — the type of "innocent oversight" that courts in this Circuit have deemed excusable. *See Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198 (11th Cir. 1999) (finding excusable neglect where "the reason for the delay was the failure of a former secretary of [plaintiff's] attorney to record the applicable deadline"); *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (finding that the late filing was due to excusable neglect, as it "was simply an innocent oversight by counsel" that resulted from a breakdown in communication between attorneys). Finally, there is no evidence that counsel for Plaintiff acted in bad faith. *Carter v. Butts Cnty.*, 2015 U.S. Dist. LEXIS 70843, *2-5 (M.D. Ga. June 1, 2015) (finding excusable neglect where the "delay in filing was due to a simple calendaring error").

The undersigned counsel offers his most sincere apologies to this Honorable Court and respectfully prays that this Court deem the clerical error at issue as constituting "good cause" for the undersigned not filing Plaintiff's statement of claim in a timely fashion.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion to Reopen and issue an Order granting the requested relief.

Dated: June 13, 2022

Respectfully submitted,

BY: _s/Zandro E. Palma___
Zandro E. Palma Esq.
Florida Bar No.: 0024031
E-mail: zep@thepalmalawgroup.com

ZANDRO E. PALMA, P.A.
9100 S. Dadeland Blvd, Suite 1500,
Miami, Florida, 33156
Telephone:  (305) 446-1500
Facsimile:   (305) 446-1502

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated:  June 13, 2022.

                                                 Respectfully submitted,

                                                  **/s/ Zandro E. Palma**
                                                 ZANDRO E. PALMA, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-21576-CIV-MORENO

Jose M. Infante
and other similarly situated individuals,

    Plaintiff(s),

v.

Lady Green Miami Recycling Co
and Michele A. Salas, individually,

    Defendants,
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN

**THIS CAUSE** came before the Court on Plaintiff's Motion to Reopen. The Court having reviewed the matter, and being otherwise fully advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Reopen is hereby **GRANTED**.

**DONE AND ORDERED** in Chambers, at Miami-Dade County, Florida this _____ day of June 2022.

                                                   **FEDERICO A. MORENO**
                                                 **UNITED STATES DISTRICT JUDGE**

Copies provided to:
All Counsel of Record